

| | |
|---|---|
| 1 | THE SUNTAG LAW FIRM |
| | A Professional Corporation |
| 2 | DANA A. SUNTAG (California State Bar No. 125127) |
| | LORIS L. BAKKEN (California State Bar No. 215033) |
| 3 | The Kress Building |
| | 20 North Sutter Street, Fourth Floor |
| 4 | Stockton, California 95202 |
| | Telephone: (209) 943-2004 |
| 5 | Facsimile:  (209) 943-0905 |
| 6 | Attorneys for Chapter 7 Trustee |
| | GEOFFREY RICHARDS |

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

MARTIN K. DOTSON and
YVETTE DOTSON,

Debtors.

NO: 12-39339-D-7

DC No.: SLF 4

**MOTION FOR AUTHORIZATION TO SELL PROPERTY AT PUBLIC AUCTION AND TO COMPENSATE AUCTIONEER**

Date: May 8, 2013
Time: 10:00 a.m.
Place: Department D
The Honorable Robert S. Bardwil

---

MOTION FOR AUTHORIZATION
TO SELL PROPERTY AT PUBLIC AUCTION        1
AND TO COMPENSATE AUCTIONEER

Chapter 7 Trustee Geoffrey Richards respectfully moves for authorization to sell personal property of the estate at public auction. The Trustee believes the proposed sale of the personal property is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

The Trustee represents the following:

## INTRODUCTION

1. On October 31, 2012, the Debtors filed this case. Geoffrey Richards was appointed Chapter 7 Trustee.

2. On their amended Schedule B the Debtors disclosed a "2006 Toyota Sequoia Limited" (the "Vehicle") with a value of $15,300.00.

3. The Debtor did not claim any exemption in the Vehicle

4. The Debtor did not schedule any liens or encumbrances against the Vehicle and the Trustee is unaware of any liens or encumbrances against it. (Richards Decl., ¶ 2).

## SALE OF THE PROPERTY AT PUBLIC AUCTION

5. The Trustee believes, based on his knowledge and on the evaluation of the Vehicle by West Auctions, Inc. ("West") that there is equity in the Vehicle and a sale of the Vehicle at public auction is the best method of liquidating it for the benefit of the estate. (Richards Decl., ¶ 3).

6. The Trustee is concurrently filing an application to employ West as auctioneer to sell the property at public auction.

7. The Trustee believes that by using an auction process, the Vehicle will be exposed to a large number of prospective purchasers and, for that reason, will likely be sold for the best possible price. West engages in extensive advertising, including internet advertisements, syndication of auction announcements through network partners associated with the National Auctioneer's Association and California State Auctioneer's Association, and it emails

auction announcements to its subscriber list of approximately 10,000 people. (Richards Decl., ¶ 4).

8. If the Court approves this Motion, the Trustee intends to sell the Vehicle at an online auction to be conducted at West's website, www.westauction.com. The Vehicle will be sold on an "AS IS" basis without any warranty. Interested persons may inspect the Vehicle on weekdays between 9:00 a.m. and 4:00 p.m. by appointment with West. Information regarding the sale or subsequent sale dates, if any, may be obtained by telephoning West, at (530) 661-0490. (Richards Decl., ¶ 5).

9. The Trustee intends to accept the highest reasonable bid. If, in the exercise of the Trustee's business judgment, no reasonable bids are received, the Vehicle may be held for subsequent auction or private sale without additional notice. (Richards Decl., ¶ 6).

10. The Trustee believes the sale of the Vehicle at a public auction is in the best interests of the creditors because it is likely to obtain the best possible price and should be approved by the Court under Bankruptcy Code Section 363. (Richards Decl., ¶ 7).

## AUCTIONEER COMPENSATION

11. As noted in the application to employ West, the Trustee requests authorization to pay West a 12 percent commission and to reimburse West for reasonable expenses incurred in preparing the Vehicle for sale, including out of pocket expenses for transportation and storage of the Vehicle. Also, successful buyers who pay by credit card will pay an online credit card processing fee of 3 percent. (Cash payments will not be subject to this processing fee.) The Trustee believes that this is a customary practice for the auction sale of personal property and one that encourages the use of auction professionals to assist with bankruptcy sales of property. Following the sale, the Trustee will file a report of the sale with the Court. (Richards Decl., ¶ 8).

## CONCLUSION

The Trustee respectfully requests that the Court authorize the sale of the Vehicle at public auction on the terms and conditions set forth in this Motion, approve the compensation of the auctioneer on the terms and conditions set forth in this Motion (12 percent seller's commission, reimbursement of reasonable expenses, and 3 percent buyer's fee for successful buyers who pay by credit card), and that it grant such other and further relief as is appropriate.

Dated: April 10, 2013

THE SUNTAG LAW FIRM
A Professional Corporation

By: /s/ Loris L. Bakken
LORIS L. BAKKEN
Attorneys for Chapter 7 Trustee
GEOFFREY RICHARDS